UNITED STATES DISTRICT COURT

IN THE EASTERN DISTRICT OF MICHIGAN

BRENDA WRIGHT and DANIEL L. WRIGHT,

                      Plaintiffs,                Case No.

vs.                                                  Hon.

JOSEPH BATTANI; JACK M. LENAVITT;
DAVID J. LENAVITT; and JAY E. FELDSTEIN,
                                               /

LAWRENCE J. ACKER (P28123)
Attorney for Plaintiffs
LAWRENCE J. ACKER, P.C.
44 East Long Lake Road
Bloomfield Hills, MI 48304
248/594-7277
                                             /

## COMPLAINT and JURY DEMAND

There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the Complaint, between these parties.

_____
LAWRENCE J. ACKER (P28123)

## IDENTIFICATION OF PARTIES

1. Plaintiff Brenda Wright is a resident of the City of Hudson, County of Lenawee, State of Michigan.

2. Plaintiff Daniel L. Wright is a resident of the City of Hudson, County of Lenawee, State of Michigan.

3. Defendant Joseph Battani is an attorney, maintaining offices in the City of Toledo, State of Ohio.

4. Defendant Jack M. Lenavitt is an attorney, maintaining offices in the City of Sylvania, State of Ohio.

LAWRENCE J. ACKER
PROFESSIONAL CORPORATION
44 EAST LONG LAKE ROAD
BLOOMFIELD HILLS, MICHIGAN 48304
PHONE: (248) 594-7277   FAX: (248) 594-7280   E-MAIL: LJAPC@AOL.com

1

5. Defendant David J. Lenavitt is an attorney, maintaining offices in the City of Sylvania, State of Ohio.

6. Defendant Jay E. Feldstein is an attorney, maintaining offices in the City of Toledo, State of Ohio.

7. Defendant David J. Lenavitt and Defendant Jay E. Feldstein are both attorneys licensed by the State of Michigan. Neither one of them maintains an office or a residence or is otherwise domiciled within the State of Michigan.

8. All of the activities described in this Complaint were conducted in association with a medical malpractice lawsuit filed in the County of Lenawee, State of Michigan.

## JURISDICTION AND VENUE

9. Jurisdiction in this action is premised on Diversity of Citizenship [28 USC §1335].

10. The amount in controversy in this action exceeds the jurisdictional limit of the court, before contemplation of interest and attorney fees and other taxable costs. Before consideration of any recoverable costs, the amount in controversy exceeds $75,000 and is within the jurisdiction of this Court.

## SUMMARY OF PERTINENT FACTS REGARDING CIVIL LITIGATION

11. The Defendants were retained by plaintiffs Brenda Wright and Daniel Wright to prosecute a medical malpractice action on their behalf.

12. Defendants filed and attempted to prosecute Lenawee County Circuit Court Action No. 02-147-NH, in which multiple medical malpractice Defendants were identified.

2

13. The Defendants were responsible for the investigation of the medical malpractice claims and were assisted in preparation of an Affidavit of Merit by at least one of Plaintiff's attending physicians.

14. The litigation was not prosecuted in a timely and professional manner.

15. The medical malpractice case suffered from multiple deficiencies including:

   a. An inadequate Notice of Intent;

   b. Incomplete Affidavits of Merit;

   c. Inadequate statement of specificity in the Complaint;

   d. Inadequate discovery;

   e. Lack of prosecution.

16. In 2004, Judge Koselka dismissed the action for the reason that the Defendants had failed to timely prosecute the case and had failed to comply with the Michigan Court Rules governing discovery.

17. Two of the named Defendants herein [Jay Feldstein (P41033) and David Lenavitt (P65228)] are licensed to practice law in the State of Michigan. Neither one of these Defendants maintains a business office or a residence or is otherwise domiciled in the state of Michigan.

18. Two of the named Defendants herein (Joseph Battani and Jack M. Lenavitt) were both admitted for a single representation involving this Plaintiff, by the Lenawee County Circuit Court, in a form of temporary bar admission known as "Pro Hac Vice", for purpose of prosecuting this action.

LAWRENCE J. ACKER
PROFESSIONAL CORPORATION
44 EAST LONG LAKE ROAD
BLOOMFIELD HILLS, MICHIGAN 48304
PHONE: (248) 594-7277   FAX: (248) 594-7280   E-MAIL: LJAPC@AOL.com

3

## Summary of Medical Issues:

19. Plaintiff, Brenda Wright sustained a medical malpractice injury as a consequence of failure to timely diagnose deep vein thrombosis.

20. The resulting disability is a permanent injury that causes plaintiff to suffer extreme swelling of her leg which must be managed by medication, compression hosiery, and use of an electric pump device prescribed by her vascular surgeon.

21. The electric pump device causes forced venous flow from her lower leg to her upper leg.

22. Plaintiff suffers from constant pain and is disabled from the normal activities of life including walking, hiking, activities with her children, working, and normal travel.

23. At the time that she sustained the deep vein thrombosis injury, plaintiff was encouraged by her treating vascular surgeon, Dr. Martinez, to prosecute the action.

24. Dr. Martinez signed one of the Affidavits of Merit which was filed on her behalf with the Complaint in Lenawee County Circuit Court.

25. Dr. Martinez continues to furnish treatment to the plaintiff and has continued to express his opinion that the injuries she sustained resulted from medical malpractice, in the form of a failure to accomplish timely diagnosis.

26. Plaintiff has sustained permanent injuries.

27. There is nor surgical nor pharmaceutical therapy available to plaintiff which would mitigate damages, relieve her pain, or restore the proper function of the arterial venous system in her leg.

4

28. In addition to the matters described earlier in this Complaint, the Defendants also indicated that they would prosecute other claims for damage on behalf of plaintiff including:

   a. Enrollment in class action litigation involving the patient's prescription and use of Prempro;

   b. A potential Complaint against a pharmacy that may have inadvertently over-filled plaintiff's prescription with the improper dosage of the hormonal therapy prescribed by Defendant Dr. Meyers; and

   c. Medical malpractice litigation against other health care providers that violated the standard of care.

## COUNT I: LEGAL MALPRACTICE

29. Plaintiffs hereby incorporate by reference hereto, paragraph 1-28 above, as though fully set forth herein, word for word and paragraph for paragraph.

30. At all times pertinent hereto, Defendants were engaged in the practice of their profession, and held themselves out to the public, and in particular to the Plaintiffs, as skilled and competent attorneys, capable of properly and skillfully representing them, advising, counseling and consulting with individuals seeking their services.

31. The Defendants represented that they possessed unique skill and acumen in the management and review, resolution, negotiation and prosecution of medical malpractice cases in the State of Michigan.

32. The Defendant attorneys owed plaintiff the duty to possess that reasonable degree of learning and skill that is ordinarily possessed by attorneys in similar

5

situations, practicing law in the State of Michigan (whether by active license or by Pro Hac Vice admission) and to use reasonable care and diligence in the exercise of the skill and application of their learning, to representing, advising and consulting with individuals seeking their services in accordance with the standard prevailing amongst attorneys in the State of Michigan.

33. That the defendant attorneys, by and through their duly authorized agents, servants and/or employees, in disregard of the duties and obligations to plaintiff, and at variance with the prevailing standards, were guilty of negligence and malpractice in the following particulars:

    a. Defendants did not draft and file adequate Notice of Intent documents, for service upon the named Defendants;

    b. Defendants failed to serve adequate Notice of Intent documents against and on behalf of Plaintiff and against all prospective Defendants;

    c. Defendants failed to secure Affidavits of Merit from appropriately qualified physicians, in order to substantiate the allegations in Plaintiff's Complaint, as mandated by Michigan statutes;

    d. Defendants failed to secure Affidavits of Merit from properly qualified physicians as to each of the professionals and specialties represented by the named Defendants;

    e. Defendants failed to file a specific Complaint as mandated by Michigan Case Law and Statutes;

    f. Defendants did not conduct discovery in a timely manner;

    g. Defendants abandoned prosecution of the case;

LAWRENCE J. ACKER
PROFESSIONAL CORPORATION
44 EAST LONG LAKE ROAD
BLOOMFIELD HILLS, MICHIGAN 48304
PHONE: (248) 594-7277    FAX: (248) 594-7280    E-MAIL: LJAPC@AOL.com

6

LAWRENCE J. ACKER
PROFESSIONAL CORPORATION
44 EAST LONG LAKE ROAD
BLOOMFIELD HILLS, MICHIGAN 48304
PHONE: (248) 594-7277   FAX: (248) 594-7280   E-MAIL: LJAPC@AOL.com

h. Defendants failed to communicate with plaintiff on a regular and accurate basis, to describe the status of the case, to inform plaintiff regarding discovery demands, and to inform plaintiff regarding pending motions before the court.

i. Defendants failed to communicate with plaintiff regarding the status of the case and, instead, used a variety of excuses to defer Plaintiffs understanding of the progress of the case;

j. Defendants permitted the case to be dismissed for lack of prosecution, and for violation of various discovery orders, at a hearing conducted in 2004.

k. Defendants failed to inform plaintiff of their inability to complete discovery, secure expert witness support, file appropriate Affidavits of Merit and to conduct the progress of the case so that she could have elected, before her case was dismissed, to secure alternative counsel.

l. Defendants failed to disclose that the case was dismissed.

m. Defendants engaged in subterfuge in order to prevent plaintiff from learning that her case had been dismissed, at various times telling her that the case was stayed because of certain bankruptcy proceedings, and that it could not be actively pursued until such time as bankruptcy proceedings had concluded.

n. In a specific inquiry to defendant Battani, regarding the status of the case, plaintiff was told as late as February of 2009 that the case was

7

still pending, that he was engaged in settlement negotiations, and that other information would be forthcoming.

34. The acts and/or omissions constituting negligence and/or malpractice of the Defendants, as alleged herein, directly and proximately caused and/or contributed to Plaintiffs injuries and damages which include, by way of illustration but not by way of limitation, the following:

   a. Loss of Plaintiffs' opportunity to recover from the medical malpractice Defendants;
   b. Loss of opportunity to recover all of those damages that are available under the Michigan Statutes for medical malpractice Plaintiffs including economic loss and non-economic loss;
   c. Mental anguish;
   d. Emotional pain and suffering;
   e. Exemplary damages. Plaintiffs specifically allege and hereby demand an award of exemplary damages for the heightened and increased anguish and mental distress that they have experienced as a consequence of the behavior of the Defendants and the manner in which, during calendar year 2009, Plaintiffs discovered that their medical malpractice cause of action had been dismissed.

WHEREFORE, Plaintiffs pray for entry of Judgment in their favor, to be determined by the trier of fact, together with interest, costs and attorney fees, which will fully compensate them for the losses they have sustained.

## COUNT II: FRAUD

35. Plaintiffs hereby incorporate by reference hereto, paragraph 1-34 above, as though fully set forth herein, word for word and paragraph for paragraph.

36. Defendants made misrepresentations of material fact pertaining to the status of the medical malpractice litigation and the opportunity for plaintiff to continue and pursue her medical malpractice remedies. These representations were false when made because defendant Battani, if not other Defendants, knew with certainty that the case had been dismissed because of his negligence and malpractice in 2004.

37. Defendant Battani knew that the representation regarding the status of the case was false when he made it.

38. Other Defendants who ratified or affirmed the misrepresentation, at various times, did so recklessly, without knowledge of the truth, without investigation, and with the intent that plaintiff would be deterred from discovering the negligence and malpractice of the Defendants.

39. Defendants made the misrepresentations with the intention that plaintiff would rely upon them, that her claims would become stale, that she would be worn out or tired or otherwise incapable of proceeding against the Defendants.

40. Plaintiff acted in reliance upon multiple representations, as described in this Complaint. Plaintiff has sustained damages.

41. Plaintiff has sustained damages which include:

    a. Loss of Plaintiffs' opportunity to recover from the medical malpractice Defendants;

LAWRENCE J. ACKER
PROFESSIONAL CORPORATION
44 EAST LONG LAKE ROAD
BLOOMFIELD HILLS, MICHIGAN 48304
PHONE: (248) 594-7277   FAX: (248) 594-7280   E-MAIL: LJAPC@AOL.com

b. Loss of opportunity to recover all of those damages that are available under the Michigan Statutes for medical malpractice Plaintiffs including economic loss and non-economic loss;

c. Mental anguish;

d. Emotional pain and suffering;

e. Exemplary damages. Plaintiffs specifically allege and hereby demand an award of exemplary damages for the heightened and increased anguish and mental distress that they have experienced as a consequence of the behavior of the Defendants and the manner in which, during calendar year 2009, Plaintiffs discovered that their medical malpractice cause of action had been dismissed.

WHEREFORE, Plaintiffs pray for entry of Judgment in their favor, to be determined by the trier of fact, together with interest, costs and attorney fees, which will fully compensate them for the losses they have sustained.

## COUNT III: BREACH OF FIDUCIARY DUTY

42. Plaintiffs hereby incorporate by reference hereto, paragraph 1-41 above, as though fully set forth herein, word for word and paragraph for paragraph.

43. As a consequence of the attorney-client relationship, and in addition to those duties described in Count I, the Defendants established a fiduciary relationship with the Plaintiffs.

44. The Defendants, after establishment of the fiduciary relationship, owed the Plaintiffs duties of loyalty, honesty, due care, good faith and fair dealing.

10

45. Defendants did not comply with the requirements of the fiduciary relationship.

46. Defendants breached their fiduciary relationship with the Plaintiffs, in part by:

   a. Failing to investigate the undue delay in prosecution of her medical malpractice lawsuit;

   b. Failing to monitor and supervise Defendant Battani to determine that he had subjected plaintiff to involuntary dismissal of the medical malpractice claim;

   c. Failing to truthfully disclose the information regarding misconduct of the Defendants once it was made known to them;

   d. Other breaches of fiduciary duty that will be more fully described as discovery is concluded.

47. The breaches of fiduciary duty as described herein have resulted in damages including:

   a. Loss of Plaintiffs' opportunity to recover from the medical malpractice Defendants;

   b. Loss of opportunity to recover all of those damages that are available under the Michigan Statutes for medical malpractice Plaintiffs including economic loss and non-economic loss;

   c. Mental anguish;

   d. Emotional pain and suffering;

LAWRENCE J. ACKER
PROFESSIONAL CORPORATION
44 EAST LONG LAKE ROAD
BLOOMFIELD HILLS, MICHIGAN 48304
PHONE: (248) 594-7277   FAX: (248) 594-7280   E-MAIL: LJAPC@AOL.com

e. Exemplary damages. Plaintiffs specifically allege and hereby demand an award of exemplary damages for the heightened and increased anguish and mental distress that they have experienced as a consequence of the behavior of the Defendants and the manner in which, during calendar year 2009, Plaintiffs discovered that their medical malpractice cause of action had been dismissed.

WHEREFORE, Plaintiffs pray for entry of Judgment in their favor, to be determined by the trier of fact, together with interest, costs and attorney fees, which will fully compensate them for the losses they have sustained.

## COUNT IV: FRAUDULENT CONCEALMENT

48. Plaintiffs hereby incorporate by reference hereto, paragraph 1-47 above, as though fully set forth herein, word for word and paragraph for paragraph.

49. Plaintiff has only recently discovered the fact that her medical malpractice lawsuit was dismissed in 2004, by communicating with and insisting that defendant Jack Lenavitt obtain documents from the Lenawee County Circuit Court, including a copy of videotaped proceedings, to determine the status of Plaintiffs' medical malpractice litigation.

50. Prior to February 12, 2009, the Defendants (specifically Joseph Battani and Jack M. Lenavitt) have been fraudulently concealing from the Plaintiffs the following facts:

a. the fact that the case had been dismissed,

b. the fact that the action was no longer viable,

12

    c. the fact that the medical malpractice Defendants had been released from liability,

    d. the fact that the stay of proceedings was no longer in effect,

    e. the fact that her medical malpractice lawsuit was no longer active,

    f. the fact that Defendant Battani has been incapacitated and is not capable of practicing law and professionally representing his clients, and

    g. the fact that Defendant Battani was separated from the Lenavitt firm but no provision was made by any of the Defendants for orderly transition of Plaintiffs' representation, by communication with Plaintiffs.

51. In February of 2009, Plaintiffs became dissatisfied with the lack of information and Plaintiff insisted on meeting with some of the named Defendants at the Lenawee County Circuit Court to inspect the file with her attorneys. At that session she learned, for the first time, by objective evidence in the court file that the medical malpractice lawsuit was no longer active.

52. The Defendants fraudulently concealed this information in order to prevent plaintiff from securing new counsel to evaluate, review and advise her regarding the medical malpractice lawsuit and/or possible legal malpractice litigation.

53. The active and fraudulent concealment of facts by the Defendants have prevented plaintiff from learning about the misconduct of the Defendants at any time prior to February 12, 2009.

13

54. This lawsuit is timely filed, because of the fraudulent concealment of the Defendants and, further, the fact that this lawsuit is filed within the statutory six month discovery exception of the applicable Michigan statutes.

WHEREFORE, Plaintiffs pray for entry of Judgment in their favor, to be determined by the trier of fact, together with interest, costs and attorney fees, which will fully compensate them for the losses they have sustained.

Date: July 21, 2009

LAWRENCE J. ACKER, P.C.

By: _____
Lawrence J. Acker (P28123)
Attorney for Plaintiffs
44 East Long Lake Road
Bloomfield Hills, MI 48304
(248) 594-7277

LAWRENCE J. ACKER
PROFESSIONAL CORPORATION
44 EAST LONG LAKE ROAD
BLOOMFIELD HILLS, MICHIGAN 48304
PHONE: (248) 594-7277   FAX: (248) 594-7280   E-MAIL: LJAPC@AOL.com